CASE 69—EQUITY—MARCH 29, 1881.

## Allensworth v. Kimbrough.

APPEAL FROM TODD CIRCUIT COURT.

1. When the right to a homestead, as such, is derivative, the legal title to the land is in the heirs, subject to the right of occupancy; but when it is original, the title is in the party claiming the homestead, with the right to dispose of it as well as its proceeds.

2. The appellant, as the devisee of her husband, holds an independent right to a homestead in the land devised, which cannot be subjected to debts incurred by her after his death.

G. TERRY AND JNO. & J. W. RODMAN FOR APPELLANT.

Mrs. Allensworth became entitled to her land by her husband's will. She has an independent title in fee, and has the same right to a homestead in the land as if she had bought it after her husband's death. (Gen. Stat., 433–5; Lear v. Totten, 14 Bush, 104; Booth v. Collins, 11 Ib., 622; 12 Ib., 404.)

No brief for appellee.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

P. B. Allensworth died leaving a widow, appellant, and five children, to whom he devised jointly a certain tract of

Allensworth v. Kimbrough.

land, on which the widow and childen reside as a home.
Subsequent to the devise and occupancy by the widow and.
children, the widow contracted debts, and to enforce their
payment this action was brought to subject the interest of
the widow in the land.    She claiming a homestead, the
court caused her interest to be set aside and valued, and the
value of her portion not being more than her homestead.
right, the court decreed it to be sold subject to her right of
occupancy as a homestead during her life, and to the right:
of occupancy by the children after her death.

The only question is, was the homestead interest subject
to sale under any circumstances?    We think not.

The statute provides, in general terms, that the homestead
shall be exempt from sale under execution, attachment, or
judgment of any court, except for purchase-money or a.
mortgage debt.    To this there is but one other exception,.
and that is, where the homestead of the husband is continued
for the benefit of the widow and children, it may be sold,.
subject to the right of occupancy by the widow and children,
when it is necessary to pay the husband's debts.    Two
things must concur to make out this exception: first, the
widow must hold the homestead as the homestead of her
husband, claiming her right through him by reason of the
exemption to him; second, the sale must be to pay the
debts of the husband.    Neither of these conditions are
found in this case.    The widow does not claim the home-
stead as the homestead of her husband, which continues.
for her benefit by reason of the language of the statute,
but she claims it as an original right existing in her by
reason of the fact that she is the owner in fee of the land.
She stands exactly in the attitude that she would occupy if
she had purchased the land and subsequently contracted

debts, and in the same attitude as the husband were he living, and a sale of his homestead was sought to be enforced. The exemption is to enable the head of the family to secure it a support, and it is immaterial whether the head of the family is a man or a woman; their rights are the same, except in the case where the woman derives her homestead right through the husband, and not as purchaser. When the homestead right is derivative,. the legal title to the land is in the heirs, subject to the right of occupancy; but when it is original, and the legal title is in the party claiming the homestead, the right to dispose of the homestead and dispose of the proceeds as the owner may choose cannot be questioned. In that case the right is not one simply of occupancy, but there is an absolute right of alienation, so there can be no right in the creditor to effect a sale so long as the homestead exists. Such a right would be inconsistent . with the owner's right of alienation and disposition of the proceeds.

Judgment reversed, and cause remanded with directions for further proceedings.